UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

David G. Linne,                                          Bankruptcy No. 08-30106
                                                         Chapter 7
            Debtor.
_____/

Kip M. Kaler, as bankruptcy trustee
for David G. Linne,

            Plaintiff,

       v.                                                Adv. No. 08-7022

George Linne,
Doris Linne,
David G. Linne,

            Defendants.
_____/

**MEMORANDUM AND ORDER**

This matter is before the Court pursuant to the parties' stipulation to submit this case without trial for decision based upon the Stipulations of Facts and Controlling Law and the parties' respective briefs. The bankruptcy trustee filed a Complaint on July 3, 2008, alleging two counts. In Count I, the trustee alleges he has the power to avoid an unperfected mortgage of Defendants George and Doris Linne by stepping in as a bona fide purchaser under 11 U.S.C.A. § 544(a)(3), and the avoided mortgage is automatically preserved for the benefit of the estate under 11 U.S.C.A. § 551. In Count II, the trustee alleges the mortgage is enforceable and secured by the real property under 11 U.S.C.A. § 551. Debtor David G. Linne (Debtor) and Defendants George and Doris Linne (Defendants) filed separate Answers denying the trustee's allegations. Debtor and Defendants seek dismissal of the Complaint and request costs and disbursements.

**FINDINGS OF FACT**

The parties stipulated to the following facts.  Debtor filed a chapter 7 bankruptcy petition on February 12, 2008.  On the date of the petition, Debtor owned real property legally described as Lot 1, Block 1, Eagle Run 10th Addition to the City of West Fargo, Cass County, North Dakota. Debtor claimed the property as exempt homestead property.  There was no objection to the exemption, and the time period for doing so has expired.  The property is the exempt homestead property of Debtor.

In 2003, Defendants loaned Debtor and his wife at the time, Jennifer Linne, $100,000 for the property.  On August 19, 2005, Debtor and Jennifer Linne signed a Promissory Note for $100,000 to Defendants.  On the same date, Debtor and Jennifer Linne signed a mortgage.  At that time, Debtor and Jennifer Linne intended to pledge the house to secure the debt owed to Defendants.

In June 2007, Defendants attempted to record the mortgage with the Cass County Recorder. The mortgage was not recorded and could not be recorded under North Dakota law because the signatures of Debtor and Jennifer Linne were not acknowledged.  No other mortgage document was signed or acknowledged.  No payments have been made by Debtor or Jennifer Linne on the loan since August 19, 2003.  The amount due and owing to Defendants is $116,800.

Debtor and Jennifer Linne were subsequently divorced, and Jennifer Linne quit claimed her interest in the homestead to Debtor.  The value of the property was $164,000 as of the date of filing. There are first and second mortgages recorded against the property.  The first mortgage is held by City Mortgage. On the date of filing, the unpaid balance was $64,500.  This mortgage is in default and the unpaid balance at this time is approximately $72,767.  The second mortgage is held by Wells Fargo. On the date of filing, the unpaid balance was $31,133.  This mortgage is

also in default and the unpaid balance is approximately $31,933. Defendants are scheduled as a non-priority unsecured creditor in the amount of $100,000.

North Dakota substantive law is the controlling law in this case.

## CONCLUSIONS OF LAW

The United States Bankruptcy Code delineates the powers of a bankruptcy trustee at 11 U.S.C. § 544. That section states, in pertinent part, that a trustee can attack any transfer of the debtor's property or any obligation incurred by the debtor that could be voided by:

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

In arguing that he can avoid Defendants' unperfected mortgage by stepping in as a bona fide purchaser, the trustee first relies on Drewes v. Security State Bank of Wishek (In re Nies), 183 B.R. 866 (N.D. 1995). In In re Nies, this Court explained that section 544(a) permits a trustee to avoid certain transfers or encumbrances on property of the bankruptcy estate. Id. at 868. Further, the trustee is vested with the rights of a bona fide purchaser of real property for value and permits the invalidation of security interests in real property which, although enforceable between the parties, are not properly perfected at the commencement of the case because the creditor failed to fully comply with applicable state recording laws. Id. The trustee argued that the mortgage was erroneously recorded because it lacked the North Dakota prerequisites for recording and therefore could not be enforced against the real estate. Id. at 869. The Court ruled for the defendants because the mortgage had been recorded and was enforceable. Id. at 871.

3

In the instant case, the trustee argues that the unperfected mortgage can be avoided by the trustee because it was rejected for recording. However, the Court in In re Nies concluded that a trustee may step in as a bona fide purchaser *if the mortgage is not properly perfected because a creditor failed to comply with North Dakota recording laws*. See id. at 868. This is not a case where a creditor failed to act. Here, Defendants attempted to record the mortgage but could not because the signatures of Debtor and Jennifer Linne were not acknowledged. In short, In re Nies does not support the trustee's position.

The trustee next seeks a determination that the unrecorded mortgage is an enforceable secured debt against the real estate that he can avoid under section 544(a)(3). To determine whether the trustee can step in as a bona fide purchaser, the Court must first determine whether North Dakota law permits the mortgage to be perfected. See 11 U.S.C. § 544(a)(3).

Under North Dakota law, an unrecorded mortgage is void as against a subsequent purchaser in good faith. N.D.C.C. § 47-19-41. Further, section 47-18-05 of the North Dakota Century Code provides that the homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both the husband and the wife. In this case, the parties stipulated that Defendants were unable to record the mortgage because the signatures of Debtor and Jennifer Linne were not acknowledged. Specifically, the mortgage was not executed in the presence of a witness nor was it notarized.

The trustee argues, however, that the Court should find the mortgage can be acknowledged even though there was no witness at the time the mortgage was created by applying the definition of "acknowledge" as described in Black's Law Dictionary:

4

> vb. 1. To recognize (something) as being factual or valid < acknowledge the federal court's jurisdiction>. 2. To show that one accepts responsibility for <acknowledge paternity of the child>. 3. To make known the receipt of <acknowledged the plaintiff's letter>. 4. To confirm as genuine before an authorized officer <acknowledged before a notary public>....5. (Of a notary public or other officer) to certify as genuine <the notary acknowledged the genuineness of the signature>.

Black's Law Dictionary 24 (8th ed. 2004).  Specifically, the trustee suggests that Debtor and Jennifer Linne admit they signed the document and intended at the time to pledge the property to secure the debt, and that the mortgage therefore should be deemed "acknowledged." The trustee argues that Debtor and Defendants' arguments should fail, and that this case comes down to "common sense."

The law on the issue of acknowledgment has long been established in North Dakota. The Supreme Court of North Dakota first addressed this issue in Severtson v. Peoples, 148 N.W. 1054 (N.D. 1914). Under the controlling law with reference to the conveyance of a homestead, the North Dakota Supreme Court held that "it is just as essential that the instrument be acknowledged as that it be executed." Severtson v. Peoples, 148 N.W. at 1058; see also Acklin v. First Nat. Bank, 64 N.W. 769, 771 (N.D. 1934). Without both execution and acknowledgment, the homestead is not conveyed." Acklin v. First Nat'l Bank, 64 N.W. at 771.  The North Dakota Supreme Court held that "[t]o constitute an acknowledgment, the grantor must appear before the officer for the purpose of acknowledging the instrument, and such grantor must, in some manner, with a view to giving it authenticity, make an admission to the officer of the fact that he had executed such instrument." Id. (citing Severtson v. Peoples, 148 N.W. at 1058). The act of acknowledging is as essential as the act of executing; unless there is a concurrence of both acts, no contract exists. Id.

5

In <u>Watson v. Kresse</u>, there was a purported acknowledgment of the signatures of both of the defendants on an option agreement. 130 N.W.2d 602, 607 (N.D. 1964). The record clearly disclosed, however, that one spouse never appeared before the notary in the State of North Dakota. The North Dakota Supreme Court held that if the property was in fact the homestead of the parties on the date the option was signed, the purported acknowledgment was void and of no effect. <u>Id.</u>

Under North Dakota law, the mortgage at issue in this case was not acknowledged at the time it was created because it was neither executed in the presence of a witness nor notarized. It also cannot be deemed acknowledged now based on the fact that Debtor and Jennifer Linne agree they signed the document and intended the document to be a mortgage. A concurrence of the acts of acknowledgment and execution did not occur, and the mortgage is not enforceable.

In this case, the facts have been stipulated to and are quite simple. Debtor and Jennifer Linne were husband and wife at the time the mortgage was signed. The signing of the mortgage was not witnessed by a notary and bears no signature of a notary. Notarization is required under North Dakota law for a mortgage to be acknowledged. To allow the trustee to sidestep well-established North Dakota statutory law and instead utilize Black's Dictionary's definition of "acknowledge" to claim it could be recorded is not common sense. This is not a case where Defendants failed to record the mortgage, but rather Defendants attempted to record the unacknowledged mortgage with the Cass County Recorder, and the mortgage was rejected based on this defect. Here, the mortgage has not been recorded and cannot be recorded under North Dakota law because it does not meet the statutory requirements. Because the mortgage was not

recorded, it is not enforceable. Therefore, there is no lien on the homestead for the trustee to step in as a bona fide purchaser and avoid.

Based on the foregoing, the trustee's request to preserve the mortgage for the benefit of the estate and to find the mortgage enforceable is DENIED. The trustee's request to find that an equitable mortgage exists is also DENIED. The request by Debtor and Defendants to dismiss the trustee's complaint is GRANTED.

**SO ORDERED.**

Dated this December 30, 2008.

**WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT**